# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TEKEVA SHAW, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-2219-SHL-cgc |
| PROLOGISTIX and JANICE ATKINS, | ) |
| Defendants. | ) |

## ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), filed April 23, 2024.[1] (ECF No. 6.) In the R&R, Judge Claxton recommends that the Court dismiss pro se Plaintiff Tekeva Shaw's complaint sua sponte because she fails to state a claim for which relief may be granted. (Id.) Shaw did not file an objection to the R&R. For the reasons below, the Court **MODIFIES** and **ADOPTS** the R&R.

## BACKGROUND

**I.    The Complaint**

In June 2023, Shaw filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1 at PageID 5.)[2] Shaw filed a pro se complaint

---

[1] Under Administrative Order 2013-05, the Court referred this case to Judge Claxton for management of all pretrial matters.

[2] It is not clear based on the record whether the EEOC ever issued Shaw a right to sue letter. Shaw filled out her complaint using a form provided by the Clerk's office to assist pro se litigants asserting employment discrimination claims. The form includes check boxes that indicate whether a right to sue letter was issued, which Shaw left blank. (See id.) The form also instructs plaintiffs to attach a copy of the right to sue letter to the complaint, which Shaw also did not do. (Id.) The fact that Shaw may have failed to exhaust her administrative remedies may

and a motion to proceed in forma pauperis ("IFP") in this Court on April 4, 2024.[3] (ECF Nos. 1, 2.) In her complaint, Shaw brings a claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 against Defendants Prologistix and Janice Atkins. (ECF No. 1 at PageID 1–2.) On the complaint form, Shaw checked boxes alleging "failure to hire," "unequal terms and conditions of my employment," and discrimination based on her race (African American) and color (Black). (Id. at PageID 3–4.)

In the section of her complaint devoted to the facts of the case, Shaw writes:

> I was contacted by text message stating that the company was hiring. I was told to ask for Janice Atkins at Remx, which is the sister company. Prologistix then told me they were not hiring.

(Id. at PageID 4.) Shaw seeks $28,515 in compensatory damages. (Id. at PageID 6.)

## II.  The R&R

In the R&R, Judge Claxton explains that under 28 U.S.C. § 1915(e)(2), the Court is required to screen IFP complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)  is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

(ECF No. 6 at PageID 13.) In assessing whether the complaint states a claim under § 1915(e)(2)(ii), Judge Claxton applied the standards of Federal Rule of Civil Procedure 12(b)(6), concluding that Shaw failed to state a claim because she does not meet the essential

---

provide an alternate basis for dismissing her complaint, but the Court need not reach that issue, as she has otherwise failed to state a claim under Rule 12(b)(6).

[3] Judge Claxton granted the motion to proceed IFP within the R&R. (See ECF No. 6.)

elements of a Title VII claim.  (Id. at PageID 14–15.)  These essential elements are that Plaintiff: "(1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for the position; and (4) either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside of his protected class."  (Id. at PageID 14) (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 393 (6th Cir. 2010)).  Judge Claxton found that, although Shaw meets the first two elements, she did not allege any facts that show she was discriminated against because of her race.  (Id. at PageID 14–15.)  Further, Judge Claxton found that Shaw made no factual allegations about any similarly situated employees who were treated more favorably or that she was replaced by someone outside of her protected class.  (Id. at PageID 15.)  As a result, Judge Claxton recommended that Shaw's race discrimination claim be dismissed.[4]

## **ANALYSIS**

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Shaw did not file any

---

[4] Judge Claxton does not address Shaw's color discrimination claim.

objection to the R&R by the May 7, 2024 deadline. The Court therefore reviews the R&R in its entirety for clear error.

Although Judge Claxton correctly notes that under § 1915(e)(2)(ii) IFP complaints are screened using the Rule 12(b)(6) standard, the R&R's analysis of Shaw's Title VII discrimination claims relies on precedent that is applicable only at the summary judgment stage. (ECF No. 6 at PageID 14–15.) Specifically, she finds that Shaw does not meet the prima facie elements of race discrimination. Although courts often look to the prima facie elements when determining whether a Title VII plaintiff has a cognizable claim, Shaw is not required to plead those elements to survive under Rule 12(b)(6). Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012); see also Ogbonna-McGruder v. Austin Peay State Univ., 91 F.4th 833, 839 (6th Cir. 2024); Towns v. Memphis/Shelby Cnty. Health Dep't, No. 17-cv-02626-SHM-tmp, 2019 WL 639050, at *4 (W.D. Tenn. Jan. 25, 2019). Rather, Rule 12(b)(6) allows the Court to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550 U.S. at 555, 557). When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most

favorable to the plaintiff.  Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

Despite evaluating Shaw's complaint under this heightened evidentiary standard, the R&R properly concludes that Shaw has failed to state a Title VII claim for race discrimination, and the same is true of Shaw's claim for color discrimination.  Nothing in Shaw's brief factual recitation suggests that she was discriminated against based on her race or color, or, for that matter, that Defendants had any inclination of either her race or color.  See Wiseman v. Spectrum Healthcare Resource, 2:21-cv-02042-TLP-cgc, 2021 WL 4399718, at *3 (W.D. Tenn. Sept. 27, 2021) (explaining that stating a claim for race discrimination under Title VII requires a plaintiff to "plead facts which allow the court to infer that the employer's wrongful termination related to the plaintiff's race," and stating a claim for color discrimination claim requires that the court "be able to ascertain that the termination occurred because of the color of the plaintiff's skin") (citations omitted).

So, although Shaw has plausibly alleged that she is a member of protected classes (African American and Black), and at least loosely alleges that she experienced an adverse employment event when Prologistix refused to hire her, the R&R accurately determined that she failed to allege any facts that would allow the Court to infer that she was discriminated against based on her race or color.  Shaw has therefore failed to state a claim upon which relief can be granted under Rule 12(b)(6).

Accordingly, the Court **MODIFIES** the R&R as described above, and **DISMISSES** Shaw's complaint.  Further, consistent with the R&R, the Court also **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), any appeal in this matter would not be taken in good faith.

**IT IS SO ORDERED,** this 23rd day of May, 2024.

                                                  s/ Sheryl H. Lipman  
                                                  SHERYL H. LIPMAN  
                                                  CHIEF UNITED STATES DISTRICT JUDGE